IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., DC COMICS, and SANRIO, INC., <br><br> Plaintiffs <br><br> v. <br><br> VUONG TRAN a.k.a. VUONG NGUYEN a.k.a. RICKY TRAN a.k.a. RICKY VUONG, an individual and d/b/a www.norcaljumper.com, JOEY NGUYEN a.k.a. DUONG NGUYEN, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 12-5030 SC <br><br> ORDER GRANTING APPLICATION FOR <u>DEFAULT JUDGMENT</u> |

## I. INTRODUCTION

Now before the Court is Plaintiffs Disney Enterprises, Inc., DC Comics, and Sanrio, Inc.'s (collectively "Plaintiffs") motion for entry of default judgment against Defendant Joey Nguyen a.k.a. Dung Nguyen a.k.a. Duong Nguyen ("Nguyen" or "Defendant"). ECF No. 19 ("Mot."). For the reasons stated below, the Court GRANTS Plaintiffs' motion.

///
///

## II. BACKGROUND

Plaintiffs are companies that own the rights to a wide variety of well-known copyrighted and trademarked designs.[1] Compl. ¶¶ 3-4. Defendant owns a business that manufactures, imports, distributes, rents, and sells goods -- mainly inflatable play areas ("jumpers") for children's parties and jumper accessories -- featuring an array of Plaintiffs' copyrighted and trademarked designs.[2] Compl. ¶ 1. The designs that Plaintiffs allege to have been infringed are: Mickey Mouse, Minnie Mouse; Donald Duck; Daisy Duck; Pluto; Chip 'N' Dale; Tinker Bell; various characters from the motion pictures <u>Toy Story 3</u>, <u>Pirates of the Caribbean</u>, <u>High School Musical</u>, <u>The Little Mermaid</u>, and <u>Hannah Montana</u>; Batman; Superman; Wonder Woman; Hello Kitty; KeroKeroKeropi; My Melody; and Badtz Maru (collectively the "Designs"). Mot. at 18. All of the Designs are registered under federal copyright and trademark law. See id.

Plaintiffs are the exclusive licensors of the Designs, and they have not granted Defendant any license or authorization to make any sort of use of the Designs. Compl. ¶¶ 1, 15. However, according to Plaintiffs' allegations, Defendant has (among other things) reproduced, sold, rented, and otherwise exploited the Designs in order to promote their own business. Plaintiffs therefore sued Defendant in this Court on September 27, 2012, asserting claims for copyright infringement, trademark

---

[1] Full descriptions of the material at issue in this case, too numerous to list in this Order, appear in Plaintiffs' complaint, ECF No. 1 ("Compl."), at paragraphs 5 through 7 and in exhibits A through F.

[2] Also named in the complaint and listed in the caption is Vuong Tran and his aliases. Plaintiffs submitted a notice of his bankruptcy filing on January 2, 2013, ECF No. 13, and in their motion seek entry of default judgment only against Defendant.

2

infringement, unfair competition, trademark dilution, and declaratory relief. See Compl. ¶¶ 13-47. Defendant did not answer the complaint or otherwise appear in this action. Plaintiffs now ask the Court to enter default judgment against Defendant solely as to the copyright infringement claims, to award both statutory damages under the Copyright Act and post-judgment interest, and to enter an injunction preventing Defendant from further infringing any of Plaintiffs' copyrights.

### III.   **LEGAL STANDARD**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default judgment is requested." Bd. of Trs. of N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of a plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

## IV. DISCUSSION

### A. Procedural Requirements

Before the Court may consider whether to exercise its discretion to enter default judgment, it must be satisfied that the procedural prerequisites, including adequate service of process, have been met. See, e.g., PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). In this matter, Plaintiffs properly served Defendant by substituted service on October 27, 2012. ECF No. 12 (Proof of Service); see also Fed. R. Civ. P. 4(e)(2)(B). Further, Plaintiffs served Defendant with the moving papers and other documents in this matter on March 14, 2013. Defendant never responded to the original service or the instant motion. Since Defendant is a resident of San Jose, California, the Court has personal jurisdiction over him. The Court finds that Plaintiffs met the procedural prerequisites in this case.

### B. Eitel Factors

Since service was proper, the Court turns to the Eitel factors to determine whether default judgment is appropriate.

///
///

4

### i. Prejudice Against Plaintiffs

The first factor considers the possibility of prejudice against the plaintiff if default judgment is not entered. The Court finds that because Plaintiff may be without recourse for recovery if default judgment is not entered, this factor weighs in favor of default judgment. See PepsiCo, 238 F. Supp. 2d at 1177.

### ii. Plaintiffs' Allegations Must State a Claim

The second and third Eitel factors require that a plaintiff's allegations state a claim upon which it can recover. Since Plaintiffs have only requested default judgment as to their copyright claims, Plaintiffs must state a claim for copyright infringement. To do so, they must establish ownership of a valid copyright and unauthorized copying of original elements of the protected work by Defendant. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990). It is the defendant's burden to prove that he has no knowledge or reason to believe that the work at issue in a copyright infringement action was protected, 17 U.S.C. § 504(c)(1)(2), and if a plaintiff produces a copyrighted work's certificate of registration, made before or within five years of the work's publication, then that certificate is prima facie evidence of copyright validity, 17 U.S.C. § 410(c).

As Plaintiffs allege, they are the exclusive owners or licensees of exclusive rights under the Copyright Act. Compl. ¶¶ 5-9. The rights Plaintiffs control extend to the uses Defendant has made of the Designs. Id. ¶¶ 13-20. Moreover, Plaintiffs have provided proof of their exclusive rights under the Copyright Act as to the Designs. Compl. ¶¶ 5.e, 6.j, 7.d; ECF No. 20 (Decl. of

5

1  Annie S. Wang ISO Mot. ("Wang Decl.") ¶¶ 8-10[3]; Wang Decl. Exs. J-L
2  (copyright registration certificates).[4]  These facts satisfy the
3  first requirement for a copyright infringement claim.
4       Second, Plaintiffs provide ample documentation of the
5  websites, advertisements, products, and other media in which
6  Defendant has infringed the Designs.  See Compl. ¶¶ 1, 14-17;
7  Peterson Decl. ¶¶ 2-3; Fernandez Decl. ¶¶ 4-11; Reed Decl. ¶ 4;
8  Diaz Decl. ¶¶ 7-8; Suemori Decl. ¶ 9.  A work is considered
9  "copied" under the Copyright Act when it is "so overwhelmingly
10 identical that the possibility of independent creation is
11 precluded."  Twentieth Century Fox Film Corp. v. MCA, Inc., 715
12 F.2d 1237, 1330 (9th Cir. 1983).  Defendant's reproductions of the
13 Designs are indeed virtually identical to the registered Designs
14 Plaintiffs provide, so the second criterion for a copyright
15 infringement claim is met here.
16      The Court finds that Plaintiffs' allegations state a claim for
17 copyright infringement.

      **iii.**    **The Amount of Money at Stake**

As to the fourth Eitel factor, the Court must consider "the amount of money at stake in relation to the seriousness of defendant's conduct." N. Cal. Sheet Metal Workers, 2000 U.S. Dist. LEXIS 19065, at *4-5.  "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in

---

[3] Plaintiffs' additional declarations -- those of Hailey Peterson, Mariela Fernandez, Florence Diaz, Yumi Nancy Suemori, and Marsha L. Reed, all in support of Plaintiffs' motion -- appear seriatem in ECF No. 20.  The Court accordingly refers to them by name, infra, instead of providing the full docket number and citation each time.

[4] The Court takes judicial notes of the copyright registration certificates, Wang Decl. Exs. J-L, under Federal Rule of Evidence 201.

6

1 determining if the amount at stake is reasonable." Truong Giang
2 Corp. v. Twinstar Tea Corp., No. 06-CV-03594, 2007 WL 1545173, at
3 *12 (N.D. Cal. May 29, 2007).
4     In their motion, Plaintiffs ask for $625,000 in statutory
5 damages, plus interest on the judgment.  This would probably be a
6 substantial burden on Defendant, and requests for such large sums
7 of money generally counsel against entry of default judgment.
8 Eitel, 782 F.2d at 1472.  However, as discussed below, the Court
9 adjusts Plaintiffs' requested damages to an appropriate amount
10 based on deterrence considerations and the evidence in the record.

      **iv.**    **Likelihood of Dispute over Material Facts**

12     With respect to the fifth Eitel factor, the material facts of
13 the instant case are not reasonably likely to be subject to
14 dispute.  The record indicates that the nature of Defendant's
15 business is infringing.

      **v.**    **Excusable Neglect**

17     For the sixth Eitel factor, there is no support for finding
18 that Defendant's default is due to excusable neglect.  Defendant
19 was served with the Complaint and Summons in this action over five
20 months ago and has yet to enter an appearance.  Plaintiffs also
21 served Defendant with their motion for entry of default judgment
22 and its accompanying papers.  In such circumstances, default cannot
23 be attributed to excusable neglect.  See Shanghai Automation
24 Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).
25 This factor supports entry of default judgment.

      **vi.**    **Policy Favoring Decision on the Merits**

27     "Cases should be decided upon their merits whenever reasonably
28 possible."  Eitel, 782 F.2d at 1472.  However, this policy is not

*United States District Court*
*For the Northern District of California*

7

dispositive, and "Defendant's failure to answer Plaintiff['s] Complaint makes a decision on the merits impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 11. Termination of a case before hearing the merits is allowed when a defendant fails to defend an action. Id. Therefore, in this case, this factor does not weigh against default judgment.

### vii.   Summary of Eitel Factors

Considered together, the Eitel factors favor entry of default judgment. The Court addresses Plaintiffs' requested remedies below.

## C.   Remedies

### i.   Damages

Plaintiffs seek $625,000 in statutory damages. Pursuant to section 504(a) of the Copyright Act, an infringer is liable for either the plaintiff's actual damages or statutory damages. See 17 U.S.C. § 504(a). A plaintiff seeking statutory damages may recover between $750.00 and $30,000.00 for all infringements of a copyrighted work. Id. § 504(c). Additionally, if a copyright owner "sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2). If a plaintiff chooses to recover statutory damages, he need not prove actual damages. See Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 1997) (citation omitted). When awarding statutory damages, the Court has broad discretion within the range provided by statute. Id. Importantly, "[s]tatutory damages are intended to serve as a deterrent, but that does not

justify . . . a windfall." <u>Microsoft Corp. v. Ricketts</u>, No. C 06-6712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. 2007).

Plaintiffs allege that Defendant's infringement was willful. Allegations of willful infringement are deemed to be true on default. <u>See</u> <u>Derek Andrew, Inc. v. Poof Apparel Corp.</u>, 528 F.3d 696, 702 (9th Cir. 2008). Despite their apparent entitlement to increased damages under the Copyright Act's willful infringement allowance, Plaintiffs ask for $25,000 for each of the twenty-five infringed Designs, for a total of $625,000. <u>See</u> Mot. at 17. Even so, the $25,000 per infringement award is "at the high end of the § 504(c)(1) scale." <u>Disney Enters., Inc. v. San Jose Party Rental</u>, No. C 10-0511 CRB, 2010 WL 3894190, at *2 (N.D. Cal. Oct. 1, 2010). After evaluating the evidence and Plaintiffs' motion, the Court does not find that Defendant's operation merits such extensive damages. Per the Court's "wide discretion in determining the amount of the statutory damages to be awarded, constrained only by the specified maxima and minima," <u>Harris v. Emus Records Corp.</u>, 734 F.2d 1329, 1335 (9th Cir. 1984), the Court awards Plaintiffs $10,000 per infringement multiplied by twenty-five Designs for a total of $250,000, in recognition of the fact that Plaintiffs do profit from the use of their copyrights. The Court finds this amount sufficient for the purposes of deterrence.

### ii. Injunctive Relief

Plaintiffs allege that Defendants infringed on their copyrights by willfully and knowingly manufacturing, distributing, and selling moonwalks featuring Plaintiffs' Designs, despite Plaintiffs' cease and desist requests. Compl. ¶¶ 44; Peterson Decl. ¶ 4. This demonstrates that Plaintiffs' exclusive rights in

the Designs have been, and continue to be, violated by the Defendant. In such circumstances, the Court is authorized to issue a permanent injunction to prevent or restrain further infringements. See 17 U.S.C. § 502(a); Sega Enters. Ltd. v. MAPHIA, 948 F. Supp. 923, 940 (N.D. Cal. 1996) ("Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction."). In order to receive injunctive relief, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

As alleged, Defendant has willfully infringed Plaintiffs' copyrights. Defendant's failure to respond to the suit, alongside Plaintiffs' pleadings, suggests that his infringing activities will not cease absent judicial intervention. See, e.g., Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003). The Court finds that Plaintiffs will be irreparably harmed if an injunction is not issued. Therefore, a permanent injunction will be entered.

### iii.   Interest

The Court finds that Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

///
///
///

10

## V.  CONCLUSION

As explained above, Plaintiffs Disney Enterprises, Inc. and DC Comics, and Sanrio, Inc.'s motion for entry of default judgment is GRANTED.  Defendant Joey Nguyen a.k.a. Dung Nguyen a.k.a. Duong Nguyen is ORDERED to pay damages of $250,000 to Plaintiffs. Defendant Nguyen is also ordered to pay interest pursuant to 28 U.S.C. § 1961(a).

Furthermore, Defendant and his agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of products that picture, reproduce, copy or use the likenesses of or bear a substantial similarity to the designs registered in the following copyright registrations: Mickey-1 (VA 58-937); Minnie-1 (VA 58-938); Donald Duck (Gp 80-184); Daisy-1 (VA 58-933); Pluto (Gp 80-192)/(RE 826-536); Chip (R 567-615); Dale (R 567-614); Walt Disney's Peter Pan Coloring Book #21865 (RE 66-285); Toy Story – Buzz Lightyear (VAu 337-566), Toy Story – Woody (VAu 337-565), Toy Story – Rex (VAu 337-568), Toy Story (PA 765-713), Pirates of the Caribbean: The Curse of the Black Pearl (PA 1-138-412); High School Musical – Fall/Winter 2007 Style Guide (VA 1-405-075); Ariel 9-9-87 Ruff (VAu 123-355); Flounder (VAu 123-349); Triton (VAu 123-350); Ruff Sebastian (Vau 123-354), Hannah Montana Branding Guide (VA 1-403-647); DC Comics Anti-Piracy Guide (TXu 1-080-661); Superman Style Guide (TX 3-221-758); the Hello Kitty registration (VA 130-420); KeroKeroKeropi (VA 636-579); Sanrio 2005 Character Guide (VAu 684-322); and Sanrio 2010 Character Guide (VAu 1-078-385).

Plaintiffs have the responsibility to serve the injunction in such a manner to make it operative in contempt proceedings.

IT IS SO ORDERED.

Dated: May 1, 2013



UNITED STATES DISTRICT JUDGE