UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DISNEY ENTERPRISES, INC., et al.,
Plaintiffs,

v.

VUONG TRAN, et al.,
Defendants.

Case No. 12-cv-05030-JST

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Re: ECF No. 42

Before the Court is Plaintiffs Disney Enterprises, Inc., DC Comics, and Sanrio, Inc.'s Motion for Entry of Default Judgment against Defendant Vuong Tran a/k/a Vuong Nguyen a/k/a Ricky Tran a/k/a Ricky Vuong. The Court grants the motion.

## I. BACKGROUND

This is the second motion for entry of default judgment in this copyright infringement case. Plaintiffs Disney Enterprises, Inc. ("DEI"), DC Comics, and Sanrio, Inc. (collectively "Plaintiffs") are entertainment companies that own the copyrights to the twenty-five fanciful characters at issue. ECF No. 1 at 2-11. The characters include Minnie Mouse, Wonder Woman, and Hello Kitty. ECF No. 42 at 7-12. Defendant Vuong Tran runs a business renting inflatable play areas, called "jumpers," "moonwalks," or "bounce houses," for children's birthdays and other festivities. ECF No. 44-1 at 3.

In 2012, Plaintiffs filed a complaint against Defendants Vuong Tran and Joey Nguyen, both of whom did business as www.norcaljumper.com; Amazon.com seller "vttranz11"; and eBay sellers "jumpon88," "vttranz12," and "julienguyen99." ECF No. 1-1 at 11-12. Seven months later, on May 1, 2013, this Court granted the Plaintiffs' first motion for entry of default judgment against Defendant Nguyen. Disney Enterprises Inc. v. Tran, No. 12-cv-5030-SC, 2013 WL 1832563, at *5 (N.D. Cal. May 1, 2013). Plaintiffs' limited their first motion to Defendant

Nguyen because Defendant Tran had filed for bankruptcy shortly after Plaintiffs commenced the infringement action. See ECF No. 13 (Plaintiffs' notice of Defendant Tran's bankruptcy filing); Tran, 2013 WL 1832563, at *1 n.2. The Court awarded Plaintiffs $10,000 per infringement against Defendant Nguyen, for a total of $250,000. See Tran, 2013 WL 1832563, at *4. It also awarded interest under 28 U.S.C. § 1961(a), and issued an injunction against further violations of the twenty-five copyrighted designs. Id. at *4-5.

On November 17, 2015, Plaintiffs moved to reopen the case. ECF No. 30. Then, on July 13, 2016, Plaintiffs moved the Court for entry of default judgment against Defendant Tran for copyright statutory damages totaling $625,000, post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a), and a permanent injunction prohibiting Defendant from further infringement of Plaintiffs' copyrights and trademarks. ECF No. 42 at 1-2.

The Court issued an order requesting supplemental briefing on two items: (1) "the licensing fees that Plaintiffs would have typically charged for the underlying copyrighted works had Defendant properly sought to purchase a license"; and (2) "the lowest, highest, and median statutory damages award per violation received by Plaintiffs in the default judgment context for similar copyright infringement violations." ECF No. 50. Plaintiffs responded. ECF Nos. 51-52.

## II. LEGAL STANDARD

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default judgment is requested." Bd. of Trs. of N. Cal. Sheet Metal Workers v. Peters, No. 00-cv-0395-VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff;
>
> (2) the merits of a plaintiff's substantive claim;
>
> (3) the sufficiency of the complaint;
>
> (4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the policy of the Federal Rules favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

## III. ANALYSIS

For reasons of judicial economy, the Court adopts the analysis from its earlier order against Defendant Nguyen and applies it to the present motion against Defendant Tran.[1] See Tran, 2013 WL 1832563. Therefore, the Court now discusses only the new issues raised against Defendant Tran, and ultimately awards statutory damages of $10,000 per infringement for a total of $250,000, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a), and issues a permanent injunction against further violations of Plaintiffs' copyrights.

### A. Damages

Plaintiffs request a statutory damages award of $25,000 per infringement against Defendant Tran, which is the same award per infringement they initially sought against Defendant Nguyen. See ECF No. 51 at 6; ECF No. 52 at 5. The request is substantially larger, however, than the $10,000 per infringement award the Plaintiffs actually received against Defendant Nguyen. They justify the request on the ground that "[t]he conduct at issue by Defendant Tran is far more egregious and intentional than that at issue for Defendant Nguyen." See ECF No. 51 at 3 n.1; ECF No. 52 at 3 n.1. Plaintiffs cite the Declaration of Annie S. Wang as "evidence of

[1] In that order, the Court found that the procedural prerequisites for entry of default judgment had been met, and the Eitel factors favored entry of default judgment. Id. at 4-8. Then it found that an award of $10,000 statutory damages per infringement was appropriate and sufficient for purposes of deterrence. Id. at 9. Finally, it awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a) and a permanent injunction to restrain further infringements. Id. at 9-10.

Defendant Tran's continued infringement years after the Complaint in this action was filed and numerous failed bankruptcy filings made in an attempt to delay and avoid responsibility for his willful and continued infringing sales." ECF No. 51 at 3 n.1; ECF No. 52 at 3 n.1.

Plaintiffs' argument for $25,000 per infringement is unpersuasive for two reasons. First, Plaintiffs provide no conclusive evidence that Defendant Tran's bankruptcy filings were illegitimate or that he made such filings specifically "in order to delay or avoid responsibility for his infringing activities." See ECF No. 43 at 2 (Wang Decl. ¶ 4); ECF No. 43-2 at 29 (PACER search results listing Defendant Tran's five dismissed bankruptcy petitions). Second, "in the default judgment context for similar copyright infringement violations," ECF No. 50, Plaintiffs could find no precedent for an award in excess of $10,000 per infringement. See Fossier Decl. ¶ 2, ECF No. 52 at 7 (DEI); Diaz Decl. ¶ 3, ECF No. 51 at 7 (DC Comics); Suimori Decl. ¶ 3, ECF No. 51 at 8 (Sanrio); Coombs Decl. ¶ 2, ECF. No. 51 at 9 (all Plaintiffs). Accordingly, "[p]er the Court's 'wide discretion in determining the amount of the statutory damages to be awarded, constrained only by the specified maxima and minima,'" ECF No. 26 at 9 (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)), the Court again finds that a statutory damages award of $10,000 per infringement is appropriate and sufficient to accomplish the statutory policy of deterrence and punishment. See ECF No. 51 at 4-5; ECF No. 52 at 4-5.

**B. Interest**

The Court finds that Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**C. Injunctive Relief**

For the reasons expressed in the Court's previous order, Tran, 2013 WL 1832563, at *4-5, the Court enters a permanent injunction. Defendant Tran and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the injunction are hereby restrained and enjoined from importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of products that picture, reproduce, copy, or use the likenesses of or bear a substantial similarity to the designs registered in the following copyright registrations:

1. Mickey-1 (VA 58-937);
2. Minnie-1 (VA 58-938);
3. Donald Duck (Gp 80184);
4. Daisy-1 (VA 58-933);
5. Pluto (Gp 80-192) / (RE 826-536);
6. Chip (R 567 615);
7. Dale (R 567 614);
8. Walt Disney's Peter Pan Coloring Book #21865 (Tinker Bell) (RE 66-285);
9. Toy Story - Buzz Lightyear (VAu 337 566);
10. Toy Story - Woody (VAu 337 565);
11. Toy Story (Mr. Potato Head) (PA 765-713);
12. Toy Story - Rex (VAu 337 568);
13. Pirates of the Caribbean: The Curse of the Black Pearl (PA 1-138-412);
14. High School Musical - Fall/Winter 2007 Style Guide (VA 1-405-075);
15. Ariel 9-9-87 Ruff (VAu 123-355);
16. Flounder (VAu 123 349);
17. Triton (VAu 123 350);
18. Ruff Sebastian 9-4-87 (VAu 123 354);
19. Hanna Montana Branding Guide (VA 1-403-647);
20. DC Comics Anti-Piracy Guide (Txu 1-080-661);
21. Superman Style Guide (TX 3-221-758);
22. The Hello Kitty registration (VA 130-420);
23. KeroKeroKeropi (VA 636-579);
24. Sanrio 2005 Character Guide (VAu 684-322);
25. Sanrio 2010 Character Guide (VAu 1-078-385).

**CONCLUSION**

The Court grants Plaintiffs' Motion for Entry of Default Judgment, grants a permanent injunction, and awards statutory damages of $250,000 for violations of the Copyright Act, as well as interest.

IT IS SO ORDERED.

Dated: November 7, 2016

JON S. TIGAR
United States District Judge